IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leandre Earl,<br><br>             Plaintiff,<br><br>vs.<br><br>Celian Hansen (FCI-Talladega); Warden B.H. Romero (FCI-Talladega); Stephen Hoey (FCI-Williamsburg); Warden Bryan K. Dobbs (FCI-Williamsburg),<br><br>             Defendants. | C/A No.: 1:20-3907-BHH-SVH<br><br><br><br>ORDER AND NOTICE |

Leandre Earl ("Plaintiff"), proceeding pro se, filed this complaint alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff sues Celian Hansen and Warden B.H. Romero related to his incarceration at FCI-Talladega (collectively "FCI-Talladega Defendants") and Dr. Stephen Hoey and Warden Bryan K. Dobbs related to his incarceration at FCI-Williamsburg (collectively "FCI-Williamsburg Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e)

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

2

(D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff alleges he underwent back surgery on July 13, 2008. [ECF No. 1 at 4]. Plaintiff claims an unspecified defendant[2] at FCI-Talladega used excessive force against him on July 16, 2018, "by putting her hands and foot" on him while he was defenseless. *Id.*

Plaintiff alleges that on October 11, 2019, Dr. Hoey told him there was nothing medically wrong with him and proceeded to confiscate his wheelchair. *Id.* Plaintiff claims he was unable to walk back to his unit as he was ordered to do, and he was placed in the Special Housing Unit ("SHU") for failure to follow a direct order from October 11, 2019 until October 17, 2019. *Id.* Plaintiff alleges that without a wheelchair or a handicapped cell, he was unable to move the food flap to obtain his meals or medication. *Id.* He states he could not reach the toilet or sink and was force to urinate in a cup on his bed. *Id.* Plaintiff claims he was changed from a "CARE 2" inmate to a "CARE 3" inmate on October 17, 2019. *Id.*

---

[2] Plaintiff does not state who assaulted him, but it appears that he referring to Hansen. If he chooses to file an amended complaint, he is directed to clarify this allegation.

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

1.   Supervisory Liability

The doctrine of supervisory liability is generally inapplicable to *Bivens* suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir.

4

1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

Although Plaintiff has sued Warden Romero and Warden Dobbs, he has failed to allege any wrongdoing by these defendants. Additionally, Plaintiff has not alleged an official policy or custom resulting in the alleged constitutional violations or that Romero and Dobbs were deliberately indifferent to a pervasive, unreasonable risk of harm. Therefore, Romero and Dobbs are subject to summary dismissal.

      2.    FCI-Talladega Defendants

A review of the complaint reveals that there is no common question of law or fact as to FCI-Talladega Defendants and FCI-Williamsburg Defendants, which is required for permissive joinder of claims under Fed. R. Civ. P. 19(2)(B). Even if Plaintiff had properly brought a separate action against FCI-Talladega Defendants, this District is not a proper venue for Plaintiff's claims against the FCI-Talladega Defendants.

The general venue statute provides where this action may be brought and states as follows:

Venue in general—A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b) (West). Here, Plaintiff's claims against FCI-Talladega Defendants do not meet any of options. Pursuant to 28 U.S.C. § 1406(a), if venue is filed in the improper district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

As such, it appears to this court that the allegations against Romero and Hansen should be dismissed or severed and transferred to the Northern District of Alabama. *See, e.g.*, 14D Wright & Miller, Federal Practice and Procedure, § 3827 (2020) ("If venue is proper for some defendants but improper for others, the district court has wide discretion," including "retain[ing] the case as to those defendants who have been properly sued there and sever and

6

transfer the portion of the case for those defendants for whom venue is improper or dismiss the action as to those defendants").

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by December 3, 2020, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

November 12, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge